```
              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE, TEXAS

JESUS ROBERTO ORTIZ,                              )
      PLAINTIFF,                                  )
                                                  )
v.                                                )
                                                  )
JOHN KERRY,  U.S. SECRETARY OF STATE              )
ANTONIO LOPEZ, FIELD OFFICE DIRECTOR,             )
      U.S.C.I.S., HARLINGEN, TEXAS, and           )
UNITED STATES OF AMERICA,                         )
      DEFENDANTS                                  )
                                                  )
```

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to 8 U.S.C. §1503(a) (denial of rights and privileges as a U.S. Citizen), Dr. Jesus Roberto Ortiz, ("Dr. Ortiz"), files the instant Complaint for a declaration of a U.S. citizenship, under 8 U.S.C. §1503, [1] 28 U.S.C. §2201, and for injunctive relief, under 28 U.S.C. §1331.  He also seeks relief under the Administrative Procedure Act, 5 U.S.C. §702 et seq, of Defendant Lopez' delay in adjudicating the visa petition he filed on behalf of his mother. [2]

**I.   JURISDICTION AND VENUE**

1.   Jurisdiction lies under 8 U.S.C. §1503, (denial of rights and privileges as a U.S. Citizen), with 28 U.S.C. §2201, (Declaratory Judgment Act), and 28 U.S.C. §1331 (federal question), with 5 U.S.C. §702 et seq (Administrative Procedure Act, "APA").

2. Dr. Ortiz' ability to engage in the international travel he needs for professional development depends on whether he is able to obtain a U.S. passport, and the questions of whether his father, Dr. Roberto Ortiz-Arriaga, (Dr. Ortiz-Arriaga), lawfully adjusted status to that of a permanent resident, and whether his mother,

---

[1] *See* (sealed) Exhibit A, denial of passport application.

[2] *See* (sealed) Exhibit B, history of still pending I-130 filed on behalf of his mother, Irasema del Rosario Terveen de Ortiz.

Irasema del Rosario Terveen de Ortiz, ("Mrs. Ortiz"), will be able to adjust her status to that of a permanent resident, also await resolution of the question of whether he was born in Texas. [3]

## II. THE PARTIES

3. Dr. Jesus Roberto Ortiz is a U.S. citizen, by virtue of his birth in Brownsville, Texas. He currently resides, and is employed, in Cameron County, Texas, within the jurisdiction of this Court.

4. Defendant John Kerry is the duly appointed and confirmed Secretary of State. He is sued in his official capacity. The United States of America is also a named Defendant.

## III. THE FACTS

5. Dr. Jesus Roberto Ortiz is a United States citizen, born in Brownsville, Texas, in December 1977, with the aid of a midwife. At the time of his birth, she provided a receipt for the payment received, [B:23]. Immediately after his birth, his parents took him to Matamoros, Mexico, where they resided. At the insistence of his paternal grandfather, Plaintiff's birth was registered there, as having been born there. When he was eleven months old, he was baptized in Matamoros. His baptismal certificate correctly shows that he was born in Brownsville, Texas. [B:29-30].

6. According to Defendant Lopez, his birth was first registered in the United States on January 16, 1978, two weeks after the Mexican registration. [4] Dr. Ortiz has never been able to obtain a copy of

---

[3] A visa petition filed by Dr. Ortiz' U.S. citizen sister on behalf of their mother has now been approved. She is seeking to substitute petitions, so that her case may proceed.

[4] *See*, Sealed Exhibit B, page 11:

> The fact remains that ... your birth was registered with the proper authority on January 2, 1978, two (2) weeks prior to the United States birth registration of January 16, 1978 and more than three (3) years of the other birth registration date of August 14, 1981.

Said decision also gives his birth year as 1984, rather than 1977.

that birth registration.  His parents did not return to see the midwife until several years after the birth, so she never provided them with a copy of that Texas registration (if it exists),[5] and they were unaware of it until they were so informed by Mr. Lopez.

7.   Regardless, Dr. Ortiz' parents ultimately decided that, notwithstanding the objection of his paternal grandfather, he had to be registered in Texas, where he was born.  So when Dr. Ortiz was about three and a half years old, his parents had him registered in Texas.  If a prior registration exists, the midwife apparently forgot about it, and signed a new one in reliance on her memory, and the receipt she gave his parents the day of his birth.

8.   In or about 2002, Plaintiff's parents, Dr. Ortiz-Arriaga, and Mrs. Ortiz, filed pro se applications to adjust their status to lawful permanent residents, ("LPR"), in Harlingen, Texas, based on I-130 visa petitions filed by Plaintiff, Dr. Jesus Roberto Ortiz. The application of Dr. Ortiz-Arriaga was granted on November 19, 2004.  But the application of Plaintiff's mother remained pending, and on February 24, 2010, Defendant Lopez denied the visa petition filed on her behalf by Dr. Ortiz, based on a "finding" that he was not born in Texas.  As a result, on February 2, 2012, a Notice to Appear, ("NTA"), was issued against Dr. Roberto Ortiz-Arriaga. Thanks to the intervention of the then Assistant U.S. Attorney, it was later canceled, without prejudice. *See*, CA B-12-026 (S.D.Tx.).

9. While adjudicating the I-130 filed for Mrs. Ortiz, a CIS Officer interviewed and took a sworn statement from her.  She insisted that he was born in Brownsville, but Respondent Lopez nonetheless denied the I-130 on February 24, 2010, [B:11-12].  Dr. Ortiz appealed.  On March 30, 2012, the appeal was granted, and the case was returned to CIS for further consideration, [B:34-35].  But there have been no further proceedings on the petition, which is still pending.

---

[5]   Plaintiff has attempted to locate it, so far, without success.

10.  In March, 2008, Dr. Ortiz applied for a U.S. passport.  He never received it, and after inquiries leading him to believe that his application was still pending, he hired an attorney, Alfredo Lozano, of San Antonio, Texas.  Attorney Lozano also made numerous inquiries, and located the Investigator for the Department of State, Michael Carr, who had handled the case.  Mr. Carr stated that he had investigated the matter, and that the application had been approved.  However, Attorney Lozano pressed further, and, after the prior action had been filed, he was advised that due to the *Castelano* settlement, Dr. Ortiz had to file a new application.

11.  Dr. Ortiz complied, and filed a new passport application on April 2, 2012. It was denied August 20, 2012. (Sealed) Exhibit A, incorporated herein.  However, a DOS Investigator thereafter agreed to interview Plaintiff's parents at their home, and made an appointment for September 10, 2012.  The investigator indicated that if he believed their version of Plaintiff's birth, he could persuade DOS to issue the passport.  But at the last minute, he cancelled the appointment, without explanation.

## V.  CAUSES OF ACTION
### A.  8 U.S.C. §1503

12.  Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 11, *supra*.

13.  The denial of Dr. Ortiz' application for a United States passport constitutes the denial of a right or privilege claimed as a U.S. national, within the meaning of 8 U.S.C. §1503(a), thus entitling Dr. Ortiz to seek a Declaration of U.S. citizenship, under 28 U.S.C. §2201.

### B.  APA RELIEF FOR UNDUE DELAY IN ADJUDICATING THE VISA PETITION FILED ON BEHALF OF PLAINTIFF'S MOTHER

14.  Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 13, *supra*.

15. It has been over ten years since Dr. Ortiz filed the I-130, visa petition, on behalf of his mother. It took about seven years before agents of Defendant Lopez interviewed the mother with respect to his birth, and took a sworn statement from her, in which she affirmed that he was born in Brownsville, Texas.

16. Several months later, Defendant Lopez denied the I-130. Plaintiff appealed to the BIA, submitting the same documentation that had been provided to Defendant Lopez, [B:15-32]. In March of 2012, the BIA granted the appeal, and remanded the case, [B:34]:

> In denying the visa petition, the Field Office Director concluded that the petitioner had not submitted sufficient evidence to establish that he is a United States citizen. The Director determined that the petitioner was born in Mexico because his Mexican birth certificate was registered 2 weeks before his United States birth certificate was registered. Although the Director considered the multiple birth certificates contained in the record, the decision does not meaningfully address the remaining evidence that the petitioner submitted in support of his claim to United States citizenship. Additionally, the beneficiary's sworn statement from October 28, 2009, interview does not indicate that she was asked why the petitioner has two United States birth certificates. Under the circumstances of this case, including the nearly 7-year delay between the filing of the visa petition and the issuance of the Notice of Intent to Deny ("NOID"), we find remand appropriate for the Field Office Director to afford the petitioner an additional opportunity to respond to the NOID and for the Director to issue a new decision that more fully considers the evidence presented.

17. In the year and a half since the BIA decision was rendered, there has been no attempt to personally interview Dr. Ortiz' father, who was present at his birth, and had provided a sworn statement, [B:27-28]. Nor has there been any other action on the visa petition filed for Plaintiff's mother. In all, eleven years have now passed since it was filed. This delay is unreasonable, within the meaning of 5 U.S.C. §706(1).

18. It is therefore urged that this Court compel Defendant Lopez to promptly conduct such further proceedings on the I-130 visa

petition filed by Dr. Ortiz on behalf of his mother that he may deem necessary, and to make a decision thereon within a reasonable period of time, not to exceed six months.

## VI.   PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court:

1) Conduct expedited proceedings on Dr. Ortiz' claim under 8 U.S.C. §1503, and issue a Declaratory Judgment, declaring that he is a U.S. citizen, and

2) Issue an Order, compelling Defendant Lopez to conduct any further proceedings he deems necessary on the I-130 filed by Plaintiff on behalf of his mother, and issue a decision thereon within six months of the filing of the instant action.

Finally, it is also urged that the Court require Defendants to pay costs, and reasonable attorneys fees, and grant such other and further relief as the Court considers appropriate.

Respectfully Submitted,

s/ Lisa S. Brodyaga, Attorney at Law
Refugio del Rio Grande, Inc.
17891 Landrum Park Rd.
San Benito, TX 78586
Federal ID: 1178                    Texas State Bar: 03052800
(956) 421-3226                      (956) 421-3423 (fax)

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing was electronically served on Adam Goldman, AUSA, this 30th day of August, 2013.

s/ Lisa S. Brodyaga